UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br><br><br>APPROXIMATELY 335 COUNTERFEIT NFL JERSEYS,<br><br>Defendant. | **1:13-cv-341 AWI GSA**<br><br><br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE**<br><br><br><br>**(Doc. 13)** |

**INTRODUCTION**

In this *in rem* forfeiture action, Plaintiff United States of America (the "Government" or "Plaintiff") filed an Ex Parte Motion for Default Judgment and for Final Judgment of Forfeiture. (Doc. 52). No opposition to the government's motion was filed. The matter was taken under submission without oral argument pursuant to Local Rule 230(g) and the hearing set for this matter was VACATED. (Doc. 13). For the reasons set forth below, the Court denies the motion without prejudice.

///

1

## RELEVANT FACTUAL BACKGROUND

The Verified Complaint for Forfeiture *In Rem* (hereafter "Complaint") filed on March 8, 2013, alleges that the defendant counterfeit jerseys ("the jerseys") constitutes property bearing or consisting of a counterfeit mark in violation of 18 U.S.C. § 2320(a), and is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 2323.  (Doc. 1 at ¶ 1).

The basis for the complaint was that in December 2011, the Department of Homeland Security commenced an investigation into the business activities of the Shoe Farm, a business located at 20370 Avenue 232 in Lindsay, California. The complaint alleges that the owners of the Shoe Farm were involved in the trafficking and distribution of counterfeit NFL jerseys.  As part of the investigation, on August 29, 2012, a federal search warrant was executed at the business and approximately 335 counterfeit jerseys were seized.

During the execution of the search warrant, Sami Ali Muthana was interviewed.  He indicated that he was 33% owner of both of the Shoe Farm and the Chevron which are both located in the same building.  (Doc. 1, pg. 3-4, ¶¶ 17-18).   He also identified two other owners, Muneer Muqbel Saeed and Saleh Maqbel Saeed, each with a 33% ownership.  *Id*.  He stated that Saleh Muqbel Saeed took care of the Shoe Farm and was responsible for ordering and delivering merchandize for the Shoe Farm. *Id*.

Muneer Muqbel Saeed was also interviewed.  He stated that he was the manager of the Chevron part of the business and had nothing to do with the Shoe Farm business.  He stated that Saleh Maqbel Saeed would leave receipts for the Shoe Farm in the Chevron Mini Mart, but that Saleh Muqbel Saeed did not discuss the Shoe Farm business with Muneer. (Doc. 1, pgs. 5-6, ¶¶ 21-22).  The complaint does not address Muneer's ownership interest, nor does the pleading indicate whether Saleh Maqbel Saeed was ever interviewed as part of this investigation. (Doc. 1, pgs. 4-6, ¶¶ 17- 22).

Another employee, Elizabeth Chavez was also interviewed. She indicated that she had worked as a cashier at the establishment since 2008, and that Saleh Muqbel Saeed ordered the merchandise for Shoe Farm. When merchandise would arrive via United Parcel Services (UPS), the parcels were addressed to Saleh Muqbel Saeed. (Doc. 1, Pg. 5, ¶¶ 19-20).

Pending before the Court is Plaintiff's Ex Parte Application for Default Judgment and Final Judgment of Forfeiture wherein the government seeks entry of judgment against the interests of Shaleh Maqbel Saeed and the Shoe Farm, as well as a final judgment of forfeiture vesting the United States with all rights, title, and interest in the jerseys.

**DISCUSSION**

As part of the forfeiture procedure, on or about March 15, 2013, both Shaleh Maqbel Saeed and the Shoe Farm were served with copies of the following documents : a Verified Complaint for Forfeiture *In Rem*, a Warrant for Arrest of Articles *In Rem*, an Order Setting Mandatory Scheduling Conference, a Standing Order in All Civil Cases Assigned to District Court Lawrence J. O'Neill, an Order Recusing Magistrate Judge and Reassigning to Another Magistrate Judge, a Minute Order, a Notice of Availability of Voluntary Dispute Resolution, a Notice of Availability of a Magistrate Judge, and a Notice of Forfeiture Letter dated March 15, 2013. These documents were sent first class and certified mail to Saleh Muqbel Saeed at his last-known address located at 1109 West Brown Avenue in Porterville, California 93257. (Doc. 8-1, pg. 2 ). On or about April 8, 2013, the United States received the signed certified mail receipt. (Doc.8-1, pg. 7).

Also, on or about March 15, 2013, copies of the above-listed documents were sent via first class mail and certified mail to the Shoe Farm at its last-known address located at 20370 Avenue 232 in Lindsay, California 93247, care of the owner/proprietor Saleh Maqbel Saeed. (Doc. 8, pg.11). On or about March 16, 2013, the United States Attorney's Office received the signed

3

certified mail receipt signed by Sahel Maqbel Saeed. (Doc.8-1, pg. 11).

Additionally, notice of this action was posted on the official government internet site www.forfeiture.gov for at least thirty (30) consecutive days, beginning March 16, 2013, and proof of publication was filed with the Court on May 1, 2013. (Doc. 7).

Although the government has served Saleh Maqbel Saeed and the Shoe Farm with notice of these proceedings, the complaint indicates that there may be two others owners of the Shoe Farm that could have a potential claim to jerseys. Specifically, Sami Ali Muthana indicated that he and Saleh Maqbel Saeed and Muneer Muqbel Saeed were all equal owners in the Shoe Farm. The extent of Muneer Muqbel Saeed's ownership was not clarified in the complaint. Pursuant to the Supplemental Rules for Admiralty Claims or Maritime Claims and Asset Forfeiture, the government must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B). Fed. R. Civ. P. Supp. G (4)(b)(i). Here, the Shoe Farm was served but service was directed to Saleh Maqbel Saeed as the owner of the business. (Doc.8-1, pg. 11). Based on the information presented in the complaint, Sami Ali Muthana and Muneer Muqbel Saeed may be potential claimants, who were not properly served with notice of the forfeiture proceedings. Because the United States seeks a final judgment of forfeiture as to all rights, title and interest in the jerseys, this Court will not grant default judgment until the ownership of the Shoe Farm, as well as the potential interests of Sami Ali Muthana and Muneer Muqbel Saeed are more clearly explained, or until these two parties are properly served with notice of these proceedings.

**CONCLUSION**

Based on the above, the government's Ex Parte Motion for Default Judgment and Final Judgment of Forfeiture is DENIED without prejudice. No later than **April 30, 2014**, the United

4

States shall file an Amended Motion for Default Judgment that includes a proof of service of the required doucments on the above individuals, or alternatively, submit evidence that neither of these individuals have an ownership interest in the Shoe Farm or the defendant jerseys. Failure to file the amended motion as ordered may result in dismissal of this action for a failure to prosecute.

IT IS SO ORDERED.

Dated:  **January 24, 2014**              **/s/ Gary S. Austin**
                                                                   UNITED STATES MAGISTRATE JUDGE